Chet A. Kronenberg (State Bar No. 222335)
ckronenberg@stblaw.com
SIMPSON THACHER & BARTLETT LLP
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067
Telephone: (310) 407-7500
Facsimile: (310) 407-7502

*Attorney for AmGUARD Insurance Company*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLAN CHECK DOWNTOWN III, LLC, a California limited liability company and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMGUARD INSURANCE COMPANY, a Pennsylvania company, and DOES 1 through 20,<br><br>Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL**<br><br>(Los Angeles County Superior Court Case No. 20STCV23053) |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant AmGUARD Insurance Company ("AmGUARD") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332, 1441 and 1453, and removes this action from state court to federal court pursuant to 28 U.S.C. § 1446. In support thereof, AmGUARD asserts as follows:

## I. Statement of the Case

1. On June 16, 2020, Plaintiff Plan Check Downtown III, LLC ("Plaintiff") filed a lawsuit in the Superior Court of California, County of Los Angeles, captioned *Plan Check Downtown III, LLC v. AmGUARD Insurance Company*, and designated as Case Number 20STCV23053 (the "State Court Action"). On July 1, 2020, AmGUARD was served with the Summons and Complaint. True and correct copies of the Summons, Complaint and all associated papers served upon AmGUARD are attached hereto as Exhibit A. A true and correct copy of the Service of Process Transmittal is attached hereto at Exhibit B.

2. Plaintiff, a restauranteur, seeks Business Income insurance coverage under a policy AmGUARD allegedly issued to it (the "Policy"). Plaintiff asserts four causes of action in its Complaint against AmGUARD. These causes of action are: (i) Declaratory Judgment; (ii) Breach of Contract; (iii) Bad Faith Breach of Implied Covenant of Good Faith and Fair Dealing; and (iv) Unfair Business Practices, codified at Cal. Bus. & Prof. Code § 17200, *et seq*. *See* Compl. ¶¶ 75-118.

## II. All Procedural Requirements for Removal Have Been Satisfied

3. Removal of this action is timely. AmGUARD was served with the Summons and complaint on July 1, 2020. *See* Ex. B. Thus, the Notice of Removal was "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon

which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1); *Murphy Bros., Inc. v. Michette Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").

4. AmGUARD is the only defendant served. Does 1-20 have not been named or served and need not consent to this Notice of Removal. *See Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).

5. Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1441(a) because the Complaint was filed in this District.

6. As stated above, pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all pleadings and orders served upon Defendant in the State Court Action are attached hereto as Exhibit A.

7. Written notice of the filing of this Notice of Removal will be promptly served upon Plaintiff. AmGUARD will also promptly file a copy of this Notice with the Clerk of the Superior Court of California, County of Los Angeles.

**III. Basis for Removal Jurisdiction: Diversity of Citizenship**

8. Section 1441(a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

9. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that there is complete diversity between the parties and the

amount in controversy in this matter exceeds the sum or value of $75,000, exclusive of interest and costs.

**A. The Parties Are Citizens of Different States**

10. Diversity is met here because Plaintiff is a citizen of California and Defendant is a citizen of Pennsylvania.

11. Plaintiff is a California limited liability company with its principal place of business in Los Angeles, California. Compl. ¶ 8. Plan Check's sole member/manager is a California limited liability company whose members/managers are California citizens. *See* Ex. C (Plan Check Downtown III, LLC Statement of Information (Nov. 27, 2018)); Ex. D (Mureau Holdings III, LLC Statement of Information (Mar. 19, 2019)).

12. AmGUARD is a Pennsylvania corporation with its principal place of business at 39 Public Square, Wilkes Barre, Pennsylvania 18703. Compl. ¶ 10.

13. The presence of Doe defendants has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

**B. The Amount in Controversy Exceeds $75,000**

14. In order to remove a class action on diversity jurisdiction grounds, the amount in controversy must exceed $75,000, and it is the removing party's burden to establish, "by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013). Here, although Plaintiff does not allege a specific amount in controversy in the Complaint, Plaintiff's allegations demonstrate that Plaintiff seeks more than $75,000 of insurance coverage under the Policy.

*i. Damages Under the Policy*

15. Plaintiff operates two restaurants in Los Angeles, one on Wilshire Boulevard and the other on Sawtelle Avenue. *Id.* ¶ 9. Plaintiff seeks to recover under its insurance policy (the "Policy") money it contends it lost due to the COVID-19 virus and associated government orders. *Id.* ¶ 1-2. The Complaint alleges that Plaintiff was "prohibited . . . from serving individuals food and alcohol on [its] premises where individuals would not be socially distanced" as a result of social-distancing directives issued by governmental authorities in response to the COVID-19 virus and that "[t]he Orders were the predominant cause of Plaintiff's loss." *Id.* ¶¶ 39, 42. The Complaint alleges that Plaintiff "has incurred and continues to incur a substantial loss of business income and additional expenses covered under the policy." *Id.* ¶ 56.

16. The Complaint seeks a declaratory judgment, among other things, that AmGUARD is obligated to provide business income coverage to Plaintiff. *Id.* ¶ 85. The Complaint also seeks unspecified damages for compensatory damages, restitution, disgorgement, attorney's fees and costs, punitive damages, and prejudgment interest. *Id.* ¶¶ 95, 106, 116–118.

17. Plaintiff alleges that the Policy's business income endorsement sets a coverage limit of $500,000 for each of the two restaurant sites. Compl. ¶ 23.

18. The Complaint alleges that, on or about March 19, 2020, Plaintiff suspended all operations at its Downtown Los Angeles location. Compl. ¶¶ 40–43. Plaintiff reported to Defendant in its July 15, 2020 endorsement that its yearly revenue for Downtown Los Angeles location is $1,624,935. *See* Ex. E at 2. Thus, Plaintiff's monthly revenue is approximately $135,400 at this location. Plaintiff does not allege that the downtown location has since reopened, thus Plaintiff has suffered an approximately $609,300 loss over the past 4.5 months and as of the date of this filing.

19. The Complaint further alleges that Plaintiff's West Los Angeles location closed from March 19, 2020 until May 1, 2020, when it then reopened for

takeout and delivery only. Compl. ¶¶ 40–43. The Complaint states that on May 30, 2020, Plaintiff was permitted to begin serving customers on-site but with limited capacity seating. Compl. ¶ 44. Plaintiff reported to Defendant in its July 15, 2020 endorsement that its yearly revenue for Downtown Los Angeles location is $2,863,947. *See* Ex. E at 3. Thus, Plaintiff's monthly revenue is approximately $238,600 at this location. Assuming a 50% reduction of revenue for the months of May through July (to account for revenue made by delivery and take-out options), Plaintiff has suffered losses of approximately $715,800 over the past 4.5 month period.

20. Thus, based on reasonable inferences from Plaintiff's allegations, Plaintiff has suffered losses exceeding $1,300,000, $1 million of which would be recoverable under the Policy. *Alvarado v. Fca US, LLC*, No. EDCV17505JGBDTBX, 2017 WL 2495495, at *2 (C.D. Cal. June 8, 2017) ("[T]he defendant may rely on reasonable assumptions underlying the defendant's theory of damages exposure.").

*ii. Punitive Damages*

21. Further, the Complaint also seeks punitive damages. Compl. ¶ 106. Under California law, the amount in controversy for diversity jurisdiction may include punitive damages if recoverable under state law. *Hernandez v. FCA US, LLC*, No. CV 20-1058-RSWL-MAA, 2020 WL 3497399, at *4 (C.D. Cal. June 29, 2020). Indeed, bad faith by an insurer is subject to tort remedies, including punitive damages. *Amadeo v. Principal Mut. Life Ins. Co*., 290 F.3d 1152, 1161 (9th Cir. 2002).

22. The California Supreme Court has found that "single digit multipliers are more likely to comport with due process," and while measurements of punitive damages are "far from exact," even a one-to-one ratio of punitive damages to damages sought under the Policy would easily exceed the amount in controversy. *Simon v. San Paolo U.S. Holding Co., Inc*. 35 Cal.4th 1159, 1182 (2005).

*iii. Attorneys' Fees*

23. Finally, the Complaint also seeks an award of attorneys' fees, which will push Plaintiff even further over the jurisdictional threshold. Compl. ¶¶ 117–118. Under California law, a party can recover attorneys' fees incurred in obtaining contract benefits when the insurer's withholding of those benefits was in bad faith, as is alleged here. *Brandt v. Superior Court (Standard Ins. Co.),* 37 Cal.3d 813, 817 (1985).

24. However, the fees recoverable may not exceed the amount attributable to the attorney's efforts to obtain the rejected payment due on the insurance contract; fees attributable to obtaining any portion of the plaintiff's award which exceeds the amount due under the policy are not recoverable. *Howard v. Am. Nat'l Fire Ins. Co*., 187 Cal. App. 4th 498, 534, 115 Cal. Rptr. 3d 42, 73 (2010). In other words, only attorneys' fees spent working on contractual as opposed to bad faith claims may be recovered.

25. While attorneys' fees differ from case to case, fee awards in other bad faith cases have ranged from upwards of $160,000 to $750,000. *See Palm Springs Pump v. Peerless Ins. Co.*, 2013 WL 1898801, at *1 (Cal. Sup. Ct. Apr. 12, 2013) (awarding $160,000 in attorneys' fees); *Major v. W. Home Ins. Co.*, 169 Cal. App. 4th 1197, 1218 (2009) (affirming award of $189,000 in attorneys' fees); *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1005, 1022 (9th Cir. 2004) (affirming award of $750,000 in attorneys' fees). Here, assuming Plaintiff's attorneys seek a mere *one tenth* of the amount recoverable under the Policy, attorneys' fees alone would exceed $75,000 (*i.e.*, would be $100,000).

26. In light of the above, both the amount in controversy and diversity of citizenship requirements are met, and this Court may properly exercise diversity jurisdiction over this case.

**IV. Basis of Removal Jurisdiction: CAFA**

27. Removal also is proper pursuant to the Class Action Fairness Act

("CAFA"), codified under 28 U.S.C. § 1332(d). CAFA provides that a putative class action is removable to federal court if: (a) any member of a class of plaintiffs is a citizen of a different state from any defendant; (b) the proposed class members number at least 100; and (c) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d). Each of these requirements is met in this case.

**A. The State Court Action is a Class Action**

28. The State Court Action is a class action as defined by CAFA. "[T]he term 'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

29. The Complaint alleges a putative class action pursuant to Section 382 of the California Code of Civil Procedure on behalf of Plaintiff and a proposed class defined as "[a]ll restaurants in California that purchased comprehensive business insurance coverage from Defendant which includes coverage for business income, filed a claim for lost business income following California's Stay at Home Order, and were denied coverage by Defendant on the same or similar grounds." Compl. ¶ 64.

30. The State Court Action therefore meets the definition of "class action" under CAFA.

**B. The Number of Proposed Class Members Is At Least 100**

31. Numerosity is satisfied based on the allegations in the Complaint. Plaintiff asserts that there are "thousands of restaurants in California which are governed by the Stay at Home Order and attendant statewide and local restrictions, and public reporting reveals that many have filed for coverage but have been denied." Compl. ¶ 68. AmGUARD has issued insurance policies to more than 100 restaurant businesses in California that have made claims for coverage for lost

business income.

**C. The Citizenship of the Parties Is Diverse**

32. CAFA's minimal diversity requirement is satisfied when "any member of a class of Plaintiffs is a citizen of a State different from any defendant. 28 U.S.C. §§ 1332(d)(2)(A), 1453(b).

33. As noted above, Plaintiff is a California limited liability company with its principal place of business in Los Angeles, California, and Plaintiff's members are California citizens. Compl. ¶ 8; *supra* at ¶ 11. *Ramirez v. Carefusion Res., LLC*, No. 18-CV-2852-BEN-MSB, 2019 WL 2897902, at *2 (S.D. Cal. July 5, 2019) (finding the defendant limited liability company "a citizen of the State where it has its principal place of business and the State under whose laws it is organized"). Thus, for CAFA purposes, Plaintiff is a California citizen.

34. AmGUARD is a Pennsylvania corporation with its principal place of business at 39 Public Square, Wilkes Barre, Pennsylvania 18703. Compl. ¶ 10.

35. Again, the presence of Doe defendants has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b)(1). Accordingly, this action satisfies the diversity requirement of CAFA because Plaintiff is a citizen of California and AmGUARD is a citizen of Pennsylvania.

**D. The Amount in Controversy Exceeds $5,000,000**

36. In order to remove a class action pursuant to CAFA, the amount in controversy must exceed $5,000,000, and it is the removing party's burden to establish by a preponderance that the amount in controversy has been met. *Avila v. Kiewit Corp.*, 789 F. App'x 32, 33 (9th Cir. 2019) (finding, in the CAFA context, "[w]here . . . the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so.") (internal quotations omitted). To establish that the amount in controversy exceeds the jurisdictional threshold, the removing defendant must "produce underlying facts showing only that it is more likely than not that the amount in controversy exceeds $5,000,000, assuming the

truth of the allegations plead in the Complaint." *Muniz v. Pilot Travel Ctrs. LLCI*, No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *5 (E.D. Cal. May 1, 2007).

37. The burden placed on the removing defendant to establish the amount in controversy is the same in the CAFA context as in the diversity context; to do so, the removing defendant must "produce underlying facts showing only that it is more likely than not that the amount in controversy exceeds $5,000,000, assuming the truth of the allegations plead in the Complaint." *Muniz v. Pilot Travel Ctrs*. LLCI, No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *5 (E.D. Cal. May 1, 2007).

38. For the reasons laid out above, Defendant has demonstrated by a preponderance of the evidence that, based on Plaintiff's allegations alone, Plaintiff has suffered losses of over $1 million, up to $1 million of which are theoretically recoverable if the Court finds them covered under the terms and conditions of the Policy. Given that Plaintiff alleges that the proposed class consists of "thousands of restaurants in California" (Compl. ¶ 68), class-wide damages far exceed $5,000,000 based on the fact that Plaintiff's damages alone exceed $1,000,000. AmGUARD has issued insurance policies to more than 100 California restaurant businesses. Taken together, the insurance limits are in excess of $5,000,000. When combined with the demand for punitive damages and attorneys' fees, it is plain that the Complaint puts more than $5,000,000 in controversy. *See Yeroushalmi v. Blockbuster, Inc.,* No. CV 05-225- AHM(RCX), 2005 WL 2083008, at *5 (C.D. Cal. July 11, 2005) (finding CAFA allows for aggregation of punitive damages and attorneys' fees for calculating the amount in controversy).

**V. Reservation of Defenses**

39. As of the filing of this Notice of Removal, no further proceedings have been had in the state court action.

40. Nothing in this Notice of Removal shall be interpreted as a relinquishment of Defendants' right to assert any defense or affirmative matter.

41. Defendants reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant hereby removes the above-captioned action from the Superior Court of California, County of Los Angeles, to this Court, and requests that all further proceedings be conducted in this Court, as required by law.

Dated: July 31, 2020

SIMPSON THACHER & BARTLETT LLP

By */s/Chet A. Kronenberg*
Chet A. Kronenberg

1999 Avenue of the Stars, 29th Floor
Los Angeles, CA 90067
Telephone: (310) 407-7500
Facsimile: (310) 407-7502
Email: ckronenberg@stblaw.com

*Attorney for Defendant AmGUARD Insurance Company*