Kathryn Lee Boyd (SBN 189496)
lboyd@hechtpartners.com
Janine F. Cohen (SBN 203881)
jcohen@hechtpartners.com
Hecht Partners LLP
125 Park Avenue, 25th Floor
New York, NY 10017
Telephone: 212-851-6821
Facsimile: 646-492-5111

*Attorneys for Plaintiff Plan Check Downtown III, LLC, and others similarly situated,*

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLAN CHECK DOWNTOWN III, LLC, a California limited liability company and others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>AMGUARD INSURANCE COMPANY, a Pennsylvania company, and DOES 1 through 20,<br><br>*Defendants.* | Case No: 2:20-cv-06954-GW-SK<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

1   Plaintiff Plan Check Downtown III ("Plan Check") responds to Defendant

2   AmGUARD Insurance Company's ("AmGuard") Notice of Supplemental

3   Authority filed September 3, 2020 (ECF No. 28)[1] as follows:

4   As an initial matter, Defendant's Notice is an improper filing and should be

5   stricken.  It includes additional arguments in support of its Motion to Dismiss for

6   which Defendant did not obtain leave from the Court pursuant to Local Rule 7-

7   10.   Furthermore, neither of the cases AmGuard submits, *10E, LLC v. Travelers*

8   *Indemnity Co. of Conn. et al.*, No. 2:20-cv-04418-SVW-AS (C.D. Cal. Sept. 2,

9   2020) and *Martinez v. Allied Ins. Co. of Am.*, No. 2:20-cv-00401-JLB-NPM

10  (M.D. Fla. Sept. 2, 2020) is controlling authority which this Court is bound to

11  consider.  Accordingly, the Court should not consider the Notice of Supplemental

12  Authority.

13  Each case is also distinguishable and/or unpersuasive. *10E* is a lawsuit by a

14  Los Angeles restaurant seeking business income and civil authority coverage for

15  losses incurred when Mayor Garcetti's COVID-19 pandemic shutdown order

16  prohibited sit-down service in restaurants.  So is the instant case.  But the district

17  court in *10E* did not consider a key argument raised by Plan Check here.

18  Specifically, the district court's discussion of the requirement that business

19  income losses stem from "direct physical loss of or damage to property" does not

20  consider the importance of the preposition 'of' in that phrase, which was key to

21  the decision in *Total Intermodal Servs. Inc. v. Travelers Prop. Cas. Co. of Am.*,

22  2018 WL 3829767.  *See* Plaintiff's Mem. of Law in Opp. to AmGuard Ins. Co.'s

23  Mot. to Dismiss (ECF No. 17) ("Opp.") at 12.

24

25  [1] AmGuard first filed a Notice of Supplemental Authority dated August 28, 2020 (ECF No. 27).
    That Notice included only the *10E* decision discussed herein.  AmGuard then filed another

26  Notice dated September 3, 2020, attaching an amended version of the *10E* decision which
    supersedes the one attached to the August 28 Notice, as well as the *Martinez* case (ECF No.

27  28).  Plaintiff submits this single Response to the latter Notice for efficiency's sake and under
    the assumption that only the amended version of *10E* need be discussed.

28

1

**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

1    "Loss of" property, as opposed to "loss to" or certainly "damage to" that

2    property, included the accidental shipment of cargo overseas in *Total Intermodal*.

3    *Total Intermodal* did not involve any tangible alteration to the property itself,

4    belying AmGuard's arguments here.  By the same token, the barring of patrons

5    from restaurant property is "loss of" that property to the restaurant's operator.  As

6    a result, Judge Walker's conclusion that *Total Intermodal* does not apply because

7    it only decided that "loss of" could include "*permanent* dispossession of

8    something," *see 10E* at p. 8 (emphasis added), is, respectfully, wrong as applied

9    to these circumstances.  The key consideration in *Total Intermodal* was not

10   permanence, but dispossession.  The word "permanent" does not appear in the

11   policy here.  Nothing about the phrase "loss of" property implies that such loss

12   must be permanent; the use of the word "permanent" in the *Total Intermodal*

13   opinion was inclusive, not exclusive, or, put another way, referred only to the

14   facts of that case.

15        In *Martinez*, a dental practice claimed business income coverage for

16   restrictions on its practice as a result of the pandemic.  In *Martinez*, the policy

17   language did not include the all-important "of," instead providing coverage only

18   "for direct physical loss or damage to Covered Property."[2]  Moreover, *Martinez*

19   rejected coverage based on a virus exclusion without considering the efficient

20   proximate cause doctrine (*see* Opp. at 6-11), either because Florida law is

21   different from California law in this regard or because plaintiff in *Martinez* did

22   not raise the argument.

23        For the reasons stated herein, the Notice of Supplemental Authority should

24   be stricken and/or not considered as advancing non-binding and unpersuasive

25   authority.

26   _____

27   [2] The same is true of another Florida case, *Malaube, LLC v. Greenwich Ins. Co.*, No. 1:20-cv-22615 (S.D. Fla. Aug. 26, 2020), a magistrate judge's report and recommendation cited in AmGuard's reply.

28                                              2

**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Dated: September 4, 2020                    Hecht Partners LLP


By: _____
Kathryn Lee Boyd (SBN 189496)
lboyd@hechtpartners.com
125 Park Avenue, 25th Floor
New York, NY 10017
Telephone: 212-851-6821
Facsimile: 646-492-5111

3

**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**